The STATE of Ohio, Appellee,

v.

WILLINGHAM, Appellant.

[Cite as *State v. Willingham* (1995), 100 Ohio App.3d 325.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 14100.

Decided Jan. 20, 1995.

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *M. Catherine Koontz,* Assistant Prosecuting Attorney, Appellate Division, for appellee.

*Jerry A. Meadows,* for appellant.

Kerns, Judge.

The defendant, Kenneth L. Willingham, was tried in the Court of Common Pleas of Montgomery County without the intervention of a jury and was found guilty of two counts of child endangerment in violation of R.C. 2919.22(A). From the judgment and sentence thereupon entered in the trial court, Willingham has appealed to this court.

In the appeal, the appellant has set forth his only assignment of error as follows:

"Mere evidence of undernourishment or malnourishment is insufficient to establish guilt of child endangerment under R.C. 2919.22(A) and (D)."

The statutory provisions, to which Willingham refers, provide, in pertinent part, as follows:

"No person, who is the parent * * * of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support * * *." R.C. 2919.22(A).

"Whatever violates this section is guilty of endangering children. If the offender violates division (A) * * * endangering children is a misdemeanor of the first degree, except that if the violation results in serious physical harm to the child involved, * * * endangering children is a felony of the fourth degree * * *." R.C. 2919.22(D).

In these proceedings, appellant argues that the state failed to prove "serious physical harm" by the requisite degree of proof, but the evidence is readily susceptible to the findings and conclusion of the common pleas court. Among other things, the testimony discloses that appellant's children, one-year-old Quincy and three-year-old Talia, were taken to St. Elizabeth's Medical Center with conditions diagnosed as the disease of marasmus, which involves a state of progressive emaciation brought on by malnutrition, and the evidence shows further that such children remained in the hospital for a period of ten days. Moreover, the state submitted medical reports and photographs that reflect "serious physical harm" within the broad statutory definition of that term. See R.C. 2901.01(E).

In support of the alleged error, appellant relies upon *State v. Rockwell* (1992), 80 Ohio App.3d 157, 608 N.E.2d 1118, but that case appears to be more favorable to the argument of the prosecution herein. Indeed, common experience proves that undernourishment might have a more devastating effect upon a child than a black eye.

Here, the finding of the trial court that the state had met its burden of proving "serious physical harm" was reasonable. See *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. And the determination of the credibility of the witnesses, as well as the weight to be given the evidence, was a function of the trier of the facts. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212. Hence, this court may not interfere. See *State v. Tyler* (1990), 50 Ohio St.3d 24, 553 N.E.2d 576.

The judgment will be affirmed.

*Judgment affirmed.*

GRADY, P.J., and BROGAN, J., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.